UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Secretary of Labor, Mine Safety
and Health Administration,

Petitioner

*v.*

Greenbrier Minerals, LLC

and

Federal Mine Safety and Health
Review Commission,

Respondents

No. 24-1356

**Petition for Review of a Decision of the
Federal Mine Safety and Health Review Commission**

The Secretary of Labor[1] petitions this Court for review of the Federal Mine

Safety and Health Review Commission's decision in *Greenbrier Minerals,*

*LLC*, FMSHRC No. WEVA 2022-0403, issued on November 5, 2024. See

30 U.S.C. 816(b); Fed. R. App. P. 15(a).

---

[1] As of this date, Julie Su is the Acting Secretary of Labor. This petition for
review uses "Secretary" to refer to the position of the Secretary in general,
not to Ms. Su in particular.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

APRIL NELSON
Associate Solicitor

s/ EMILY TOLER SCOTT
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9333
scott.emily.t@dol.gov

Attorneys for the Secretary of Labor

## Certificate of Service

I certify that on November 15, 2024, this petition for review was served on all parties by email.

Lorna M. Waddell
Dinsmore & Shohl LLP
Lorna.waddell@dinsmore.com
  *Counsel for Greenbrier Minerals, LLC*

Jason Riley
Office of General Counsel
Federal Mine Safety and Health Review Commission
jriley@fmshrc.gov

s/ Emily Toler Scott

**November 5, 2024**

| | | |
|---|---|---|
| SECRETARY OF LABOR, | : | |
|   MINE SAFETY AND HEALTH | : | |
|   ADMINISTRATION (MSHA) | : | |
| | : | |
|             v. | : | Docket No. WEVA 2022-0403 |
| | : | |
| | : | |
| GREENBRIER MINERALS, LLC | : | |

BEFORE:  Jordan, Chair; Baker and Marvit, Commissioners

## <u>DECISION</u>

BY THE COMMISSION:

This proceeding, arising under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 et seq. (2018) ("Mine Act" or "Act"), involves the interlocutory review of a Commission Administrative Law Judge's denial of a proposed settlement between the Secretary of Labor and Greenbrier Minerals, LLC ("Greenbrier").

At issue is whether the Secretary has unreviewable discretion to remove a significant and substantial ("S&S") designation[1] from a contested citation without the Commission's approval under section 110(k) of the Mine Act, 30 U.S.C. § 820(k).[2]  This same issue was recently decided by the Commission in *Knight Hawk Coal, LLC*, 46 FMSHRC 563 (Aug. 2024).[3]  For the

---

[1] The S&S terminology is taken from section 104(d)(1) of the Mine Act, 30 U.S.C. § 814(d)(1), which distinguishes as more serious in nature any violation that "could significantly and substantially contribute to the cause and effect of a . . . mine safety or health hazard . . . ."

[2] Section 110(k) provides in relevant part:

> No proposed penalty which has been contested before the
> Commission under section 105(a) shall be compromised,
> mitigated, or settled except with the approval of the Commission.

30 U.S.C. § 820(k).

[3] On September 10, 2024, the Secretary appealed the Commission's decision in *Knight Hawk* to the United States Court of Appeals for the District of Columbia Circuit.  On October 22, 2024, the Secretary filed an unopposed motion with the Commission seeking to hold this case in

reasons set forth below and as more fully discussed in our lead decision in *Knight Hawk*, we answer that question in the negative, affirm the Judge's denial of the settlement motion, and remand the case to the Judge.

## I.

## <u>Factual and Procedural Background</u>

The Secretary filed a motion to approve settlement involving six citations issued by the Department of Labor's Mine Safety and Health Administration ("MSHA") to Greenbrier. The parties proposed that: (1) for two citations, the negligence levels would be modified from moderate to low, and the proposed penalties would be lowered; (2) for three citations, the allegations would remain as written, and the proposed penalties would remain the same; and (3) for one citation, Citation No. 9563253, the gravity level would be modified from "reasonably likely and S&S" to "unlikely and non-S&S," and the proposed penalty would be lowered from $1,593 to $302.

As relevant here, the motion to approve settlement provided in part that Citation No. 9563253, the last citation listed above, alleged an S&S violation of 30 C.F.R. § 75.1725(a)[4] because the operator failed to maintain a feeder breaker in a safe operating condition. Specifically, the emergency stop switch was "tied to the bearing plate of a roof bolt installed for permanent roof support, rendering the . . . switch inoperable." Mot. to App. Settlement at 4. The parties also included Greenbrier's contention that "no hazard was present," and that it would argue at hearing that there were "precautionary measures" that would preclude an injury-producing event from occurring. *Id.* Specifically, the area around the feeder breaker had sufficient room to allow miners to safely work and travel in the area, and the feeder breaker had reflectors to delineate its boundaries. *Id.* In addition, the Secretary stated that she may exercise her discretion to make this modification as part of a settlement, citing *American Aggregates of Michigan, Inc.*, 42 FMSHRC 570, 576-79 (Aug. 2020), and *Mechanicsville Concrete, Inc.*, 18 FMSHRC 877, 879-80 (June 1996). *Id.*

The Judge contacted the parties and requested further information regarding why the violation alleged in Citation No. 9563253 posed no hazard. In response to the Judge's request, the Secretary submitted an amended motion to approve settlement. The parties amended the motion to state that the stop switch was not "integral to the safe operation of the machine," and that an injury-producing event due to the switch being tied off was remote and highly unlikely. Amended Mot. to App. Settlement at 4. The amended motion recognized that Greenbrier

---

abeyance pending a decision from the D.C. Circuit in *Knight Hawk*. S. Mot. at 1. After considering the Secretary's motion and the arguments therein, the motion for stay is hereby denied.

[4] 30 C.F.R. § 75.1725(a) provides that "Mobile and stationary machinery and equipment shall be maintained in safe operating condition and machinery or equipment in unsafe condition shall be removed from service immediately."

asserted that "no hazard was present, thus the likelihood of injury would more appropriately be described as 'Unlikely' due to the cited condition." *Id.*

The Judge subsequently informed the parties that he was unable to approve the settlement based upon the factual support provided. The parties requested that the Judge enter an order denying settlement so that the Secretary could move for interlocutory review.

The Judge issued an order denying the motion to approve settlement. Unpublished Order dated Nov. 22, 2022 ("Order"). He held that the parties must provide facts in support of the modification for each violation so that the Judge may set forth reasons for his approval when reviewing settlements. *Id.* at 3. The Judge reasoned that the facts provided by the parties should be substantive and relevant and, "taken as true, should enable a [J]udge to plausibly infer that the violation did not occur or does not meet the requirements of the designation the parties propose to modify." *Id.* He noted that for removal of an S&S designation, the facts should challenge one of the S&S factors set forth in *Mathies Coal Company*, 6 FMSHRC 1, 3-4 (Jan. 1984). The Judge concluded that the parties provided legal conclusions and facts that did not address the hazard, that is, the inability to stop the machine in an emergency, and were precedentially irrelevant to an S&S analysis. *Id.* at 3-4. Accordingly, the Judge denied the settlement motion, certified the matter for interlocutory review, and stayed the proceedings pending the decision on interlocutory review.

The Commission granted interlocutory review on the issue of "whether the Secretary has unreviewable discretion to remove an S&S designation from a contested citation without the Commission's approval under section 110(k) of the Mine Act." 44 FMSHRC 706 (Dec. 2022).

## II.

## **The Parties' Arguments**

The Secretary essentially makes the same arguments here as she did in *Knight Hawk.* The Secretary asserts that she has unreviewable prosecutorial discretion to remove an S&S designation because S&S designations are "enforcement decisions," and not "penalties," under the language of section 110(k). S. Br. at 1, 9. The Secretary cites to the Commission's decisions in *Mechanicsville Concrete, Inc.* and *American Aggregates of Michigan, Inc.* to support her position that she need only depend on her discretion when vacating S&S designations in settlements. S. Br. at 3-4, 9, 11-12. Finally, the Secretary argues that the role of the Commission is limited to adjudicating disputes and that other considerations support the Secretary's unreviewable discretion to remove S&S designations, such as fairness to operators, public confidence in Mine Act enforcement, and the Equal Access to Justice Act ("EAJA"). *Id.* at 14, 16-20.

The operator filed a response brief agreeing with the Secretary's arguments and stating that the Commission should vacate the Judge's denial of the settlement motion and approve the settlement.

# III.

## Disposition

### A. The Secretary does not have unreviewable discretion to remove an S&S designation from a contested citation without the Commission's approval under section 110(k).

For the reasons set forth below and as stated more fully in *Knight Hawk*, we hold that sections 110(k) and 110(i) of the Mine Act, 30 U.S.C. §§ 820(k) and 820(i), demonstrate an intent to circumscribe the Secretary's enforcement discretion, and that they supply a meaningful standard of review to evaluate the Secretary's removal of S&S designations in settlement proceedings.

Agency decisions not to enforce, including an agency's decision to settle, are generally committed to the agency's discretion, and are therefore presumptively unreviewable. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *see, e.g.*, *Baltimore Gas & Elec. Co. v. FERC*, 252 F.3d 456, 459-60 (D.C. Cir. 2001). However, this presumption of unreviewability may be overcome if the relevant statute "has indicated an *intent to circumscribe* agency enforcement discretion, and has provided *meaningful standards* for defining the limits of that discretion." 470 U.S. at 834 (emphasis added).

The Commission has held that, in the settlement context, section 110(k) provides an exception to the general rule of unreviewability. Section 110(k) expressly curtails the Secretary's authority to settle a case. As stated in *American Coal Co.*, 38 FMSHRC 1972, 1980 (Aug. 2016) ("*AmCoal I*"), "[s]ection 110(k) is an explicit expression of Congressional authorization that rebuts any presumption of unreviewability" under *Heckler*.

As to the scope of the intended circumscription, a review of the language of the Mine Act, the legislative history, comparisons to other health and safety statutes, and practical considerations all signal an expansive role for the Commission. This includes the authority to review S&S removals in citations within settlements as a necessary component of its settlement review authority. In reaching this holding, we do not grant the Commission any new settlement review authority beyond that of *AmCoal I* and *American Coal Co.*, 40 FMSHRC 983 (Aug. 2018) ("*AmCoal II*"). 46 FMSHRC at 567.

With respect to the language of section 110(k), the inclusion of the terms "compromised," "mitigated," and "settled" indicates a Congressional intent for Judges to apply a holistic approach to reviewing settlements. The fact that Congress chose these words instead of using narrower language specifying that a penalty amount may not be lowered without Commission approval demonstrates that Judges must be able to review more than the mere settlement of civil penalty dollar figures. Congress' choice of broad language demonstrates that penalties are closely intertwined with the allegations set forth in citations in settlement proceedings.

Our reading of section 110(k) is consistent with previously announced interpretations of the Mine Act. For instance, the Commission has recognized that Judges must "accord due

4

consideration to the *entirety* of the proposed settlement package, including *both its monetary and nonmonetary aspects*." *See, e.g.*, *AmCoal II*, 40 FMSHRC at 989 (emphases added). During settlement review, a Judge cannot be limited to looking solely at discrete penalty dollar amounts. Judges may look at compromises of the citation's allegations, and those compromises may impact the penalty amount or have other legal consequences.

The legislative history and policy considerations of section 110(k) reinforce the need for Commission review of the Secretary's removal of S&S designations in settlement proceedings. As we have previously recognized, Congress unquestionably delegated to the Commission the power to administer section 110(k) by granting the Commission the authority to review *all* settlements of citations under the Act. *See AmCoal I*, 38 FMSHRC at 1976. Congress explained that section 110(k) was intended to assure that prior abuses involved in the unwarranted lowering of penalties, because of off-the-record negotiations, would be avoided by providing for independent Commission settlement review. S. Rep. No. 95-181, at 44, *reprinted in* Senate Subcommittee on Labor, Committee on Human Res., 95th Cong., *Legislative History of the Federal Mine Safety and Health Act of 1977*, at 632–33 (1978). Section 110(k) serves to maintain the deterrent effect of violations and penalties, in part by preventing the Secretary from abusing her authority to settle such violations without appropriate justification. *See AmCoal I*, 38 FMSHRC at 1976 (citing S. Rep. No. 95-181, at 44). The Commission cannot effectively review the Secretary's reduction of a penalty without examining the factors that go into it. This underscores the importance of a meaningful, all-encompassing review by the Commission that goes beyond mere dollar amounts.

As the Commission recognized in *Knight Hawk*, Congress' intent is further reinforced by a comparison of the Mine Act to the Occupational Safety and Health Act ("OSH Act"). 46 FMSHRC at 568-69. The OSH Act provides that the Secretary is *authorized* to take such actions to compromise, mitigate, or settle *without approval* by the Occupational Safety and Health Review Commission ("OSHRC"). However, in the Mine Act – which was passed seven years later – Commission approval is required. *Compare* 29 U.S.C. § 655(e) *with* 30 U.S.C. § 820(k). As with the Mine Act's legislative history, this comparison between the language of the statutes elucidates Congress' intent, in drafting the Mine Act, to avoid the abuses arising from off-the-record negotiations by the Secretary, by envisioning a greater role for the Commission under the Mine Act.

Practical and common-sense considerations support an interpretation of the statute that grants broad authority to the Commission to approve or deny settlement motions. Here, during a settlement proceeding, the Secretary's removal of an S&S designation of a citation resulted in a reduced penalty amount. Whether the penalty amount is appropriate cannot be properly determined without consideration of how other changes to the citation impact the penalty.

As to the requirement for the provision of a meaningful standard, in *Knight Hawk*, we held that sections 110(i) and 110(k) provide a "judicially manageable standard . . . for judging how and when [the Secretary] . . . should exercise [her] discretion" in removing S&S designations in settlement proceedings. 46 FMSHRC at 570 (quoting *Speed Mining, Inc. v. FMSHRC*, 528 F.3d 310, 317 (4th Cir. 2008) (other citations omitted)). Section 110(i) provides a judicially manageable standard by setting forth the six penalty factors that the Commission

must consider in assessing a penalty. Although section 110(i) does not explicitly reference S&S, it does require consideration of evidence of the "gravity" of the violation. The Commission has held that gravity and S&S, although not identical, are "based frequently upon the same or similar factual circumstances." *Quinland Coals, Inc.*, 9 FMSHRC 1614, 1622 n. 11 (Sept. 1987), *citing* 30 U.S.C. §§ 820(i), 814(d). S&S is essentially the interplay between the "likelihood" and "severity" components of "gravity" in the Mine Act and its related regulations. *See, e.g.*, 30 C.F.R. § 100.3, Tables XI, XII. In short, the Commission's review of the Secretary's decision to remove an S&S designation is not arbitrary but is instead guided by the statutory language in section 110(i) regarding gravity.

In addition to section 110(i), the Commission has interpreted section 110(k) to require settlements to be "fair, reasonable, appropriate under the facts, and [to] protect[] the public interest." *AmCoal I*, 38 FMSHRC at 1976. This standard also applies with respect to the Secretary's decision to remove an S&S designation. Accordingly, as we held in *Knight Hawk*, the *Heckler* presumption of unreviewability for the Secretary has been overcome. *Knight Hawk*, 46 FMSHRC at 571 (citing *Heckler*, 470 U.S. at 834).

We reiterate that neither *Mechanicsville* nor *American Aggregates* support the parties' positions in this case that S&S determinations made in the context of a settlement are presumptively unreviewable "enforcement decisions." 46 FMSHRC at 571.

*Mechanicsville* is distinguishable in two respects. First, *Mechanicsville* involved a *Judge's* attempt to *add* an S&S designation while the current case involves a proposal by the *Secretary* to *eliminate* an S&S designation. 18 FMSHRC at 879-80 (holding that, where MSHA has not charged an S&S violation, a Judge may not make an S&S finding on his or her own initiative). Second, *Mechanicsville* relies on a line of precedent stemming from a case brought under the OSH Act. *See RBK Construction, Inc.*, 15 FMSHRC 2099, 2101 (Oct. 1993), citing *Cuyahoga Valley Railway Co v. United Transportation Union*, 474 U.S. 3, 6-7 (1985). As noted above, the OSH Act and the Mine Act diverge regarding the Secretary's authority over settlements. Therefore, precedent developed under the OSH Act does not inherently apply to the Mine Act in the settlement context.

Meanwhile, in *American Aggregates*, the Commission reversed the Judge's denial of a settlement, including the removal of the S&S designation, solely because the Judge had failed to consider the relevant factual support provided. *Am. Aggregates*, 42 FMSHRC at 576–79. Nothing in that case supports the parties' broad, sweeping position that the Secretary's decision to remove an S&S designation in a settlement constitutes unreviewable prosecutorial discretion.

### B. Parties must provide sufficient reasoning and justification to support the removal of an S&S designation in a settlement motion.

Long-standing Commission caselaw holds that Commission Judges must review all settlements of citations. The Commission has consistently required its Judges to consider reasoning and justifications that are both substantive and relevant to proposed modifications before a motion to approve any settlement may be granted. *See, e.g., Solar Sources Mining, LLC*, 41 FMSHRC 594, 601, 605, 606 (Sept. 2019) (reversing Judge's determination that the parties presented no justification to support settlement, when the parties "actually presented relevant facts," including the non-applicability of the standard); *Hopedale Mining, LLC*, 42 FMSHRC 589, 597-98 (Aug. 2020) (reversing the Judge's settlement denial because the Secretary had provided relevant justification in part to support the lowering of negligence and gravity).

Here, the Secretary failed to submit sufficient support showing why Citation No. 9563253, alleging a failure to maintain machinery in safe operating condition, was not S&S. The parties stated that the emergency stop switch on the cited feeder breaker was "inoperable." Mot. to App. Settlement at 4; Amended Mot. to App. Settlement at 4. The parties provided information that the area around the feeder breaker had sufficient room for miners to work and travel and the feeder breaker had reflective tape showing its boundaries. *Id.* While such facts might show compliance with other safety standards, such information does not show that the hazard contributed to by the cited violation itself was decreased or eliminated. As the Judge found, these "conditions do not address the hazard – inability to stop the machine in an emergency," and do not adequately support the modification to Citation No. 9563253 as non-S&S. Order at 3; *see Sec'y of Labor v. Consolidation Coal Co.*, 895 F.3d 113, 118 (D.C. Cir. 2018).

Although Judges need not engage in fact-finding, weighing conflicting evidence, or making credibility determinations, they must still "probe gaps or inconsistencies in the explanation offered in support of a settlement motion." *Hopedale Mining*, 42 FMSHRC at 595; *see also Solar Sources Mining LLC*, 41 FMSHRC at 602 (stating that Judges are "expected to . . . determine whether the facts support the penalty agreed to by the parties"). Here, the parties failed to provide the Judge with a sufficient justification for why the citation alleging an inoperable emergency stop switch was not an S&S failure to maintain safe operating machinery under *AmCoal I*.[5]

In sum, we conclude that sections 110(k) and 110(i) of the Mine Act demonstrate an intent to circumscribe the Secretary's enforcement discretion and that they supply a meaningful

---

[5] As in *Knight Hawk*, we reject the Secretary's argument that the Act's split-enforcement scheme precludes Commission review of the Secretary's S&S decisions during settlement proceedings. 46 FMSHRC at 573-74. We further hold that the Secretary's remaining policy arguments relying on fairness to operators, public confidence in Mine Act enforcement, and EAJA considerations are not sufficiently compelling reasons to withhold Commission review of S&S removals in settlements. *Id.* at 574-75.

standard of review to evaluate the Secretary's removal of S&S designations in settlement proceedings. We find unpersuasive the Secretary's arguments to the contrary.

**IV.**

**Conclusion**

For the reasons stated above, we hold that the Secretary does not possess unreviewable discretion to remove an S&S designation from a contested citation without the Commission's approval under section 110(k) of the Act. Further, we hold that the parties must provide sufficient factual support to remove an S&S designation under such circumstances. We therefore conclude that the Judge did not abuse his discretion by denying the settlement motion. Accordingly, we affirm the Judge's denial of the motion and remand the case to the Judge.

_____
Mary Lu Jordan, Chair

_____
Timothy J. Baker, Commissioner

_____
Moshe Z. Marvit, Commissioner

Distribution:

Lorna M. Waddell, Esq.
Dinsmore & Shohl LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Lorna.waddell@dinsmore.com

Emily Toler Scott
Counsel for Appellate Litigation
Office of the Solicitor
U.S. Department of Labor
Mine Safety and Health Division
201 12th Street South, Suite 401
Arlington, VA 22202-5452
scott.emily.t@dol.gov

April Nelson, Esq.
Associate Solicitor
Office of the Solicitor
U.S. Department of Labor
Mine Safety and Health Division
201 12th Street South, Suite 401
Arlington, VA 22202-5452
Nelson.April@dol.gov

Melanie Garris
U.S. Department of Labor
Office of Civil Penalty Compliance
Mine Safety and Health Administration
201 12th Street South, Suite 401
Arlington, VA 22202-5452
Garris.Melanie@dol.gov

Chief Administrative Law Judge Glynn F. Voisin
Office of the Chief Administrative Law Judge
Federal Mine Safety & Health Review Commission
1331 Pennsylvania Avenue, NW, Suite 520N
Washington, DC 20004-1710
GVoisin@fmshrc.gov

Administrative Law Judge Michael Young
Office of the Chief Administrative Law Judge
Federal Mine Safety & Health Review Commission
1331 Pennsylvania Avenue, NW, Suite 520N
Washington, DC 20004-1710
myoung@fmshrc.gov